UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
:
Luis Romero,                                         :         3:14-cv-01835 (AWT)
                                                              :
    Plaintiff,                                        :
v.                                                        :
                                                              :
Prindle Hill Construction, LLC and Franklin C.  :
Bradley, III                                           :
                                                              :
    Defendants.                                    :         May 25, 2017
_____:

**DEFENDANTS' OBJECTION TO PLAINTIFF'S
 MOTION IN LIMINE AS TO IMMIGRATION STATUS**

The Defendants respectfully submit to this Court that the Plaintiff is not entitled to exclude or preclude evidence at trial of the Plaintiff's immigration status, for the reason it relates to the Defendants' claims and defenses as to: (1) the Defendant Prindle Hill Construction (PHC) will claim that the Plaintiff could never have worked on any job, particularly jobs with prevailing wages such as State or Federal projects precisely due to the fact that he could not produce valid immigration/citizenship paperwork; (2) the Defendant Franklin C. Bradley III (FCB) testified at his deposition that one of the reasons why the employment status of the Plaintiff was that of an independent contractor was due to his immigration status in the United States of America; (3) the Defendants' methods or lack of record keeping; whether failure, if any, by the Defendants to pay the correct minimum wage or overtime pay was willful, arbitrary, unreasonable or in bad faith; and whether the Defendants held a reasonable belief that any act or omission at issue was not a violation of the Fair Labor

Standards Act.

## I. The cases cited by the Plaintiff are distinguishable from the case at hand.

The case cited by the Plaintiff in support of his Motion in Limine concern requests for discovery relating to plaintiff's immigration status. In the matter at hand there is not a request from the Defendants for discovery related to the Plaintiff's immigration status, as it is already known to the Defendants. The Defendants' seek to present evidence at trial to support the Defendants' assertion that the Plaintiff never worked for PCH and that the Plaintiff was an independent contractor for FCB, partly due to the Plaintiff's immigration status.

In the instant case there is no risk that disclosure of the Plaintiff's immigration status would confuse the issues, mislead a jury, impose undue delay, waste time, or constitute the presentation of cumulative evidence. The Defendants' knowledge of the Plaintiff's immigration status is necessary to understand the Defendants' actions regarding record keeping, and belief that the Plaintiff was an independent contractor.  Furthermore, there is no risk of chilling the Plaintiff's pursuit of civil action. The Plaintiff has previously disclosed his immigration status to the Defendants when he first entered a working contract with the Defendants, and at various points since that date.

## II. The Plaintiff's immigration status is a relevant issue.

The Plaintiff has made claims for violation of the FLSA and corresponding State statutes. The Defendants' have denied liability, and have claimed that they did not act willfully, arbitrarily, unreasonably, or in bad faith when compensating the Plaintiff, and that any act or omission was not a violation of the Fair Labor Standards Act. The Plaintiff's immigration status is essential to support the Defendants' defense against allegations of willful, arbitrary, unreasonable, or bad faith action in the compensation of the Plaintiff, and is essential to corroborate the Defendants' prior testimony that he believed the Plaintiff to be an independent

contractor.

The Plaintiff has presented no appropriate basis for excluding, or precluding, the Defendants' admission of evidence concerning his immigration status as it bears on the Defendants' beliefs that the Plaintiff was an independent contractor; that the Plaintiff could never have worked for PHC; methods or lack of record keeping; whether failure, if any, by the Defendants to pay the correct minimum wage or overtime pay was willful, arbitrary, unreasonable or in bad faith; and whether the Defendants held a reasonable belief that any act or omission at issue was not a violation of the Fair Labor Standards Act. The Plaintiff cannot make a showing of good cause to limit the evidence to be presented by the Defendants on the issues outlined above.

For the foregoing reasons, the Defendants respectfully request that the Court deny the Plaintiff's Motion in Limine.

RESPECTFULLY SUBMITTED,
THE DEFENDANTS


By: _S/28897_____
Keith Anthony
Bansley Anthony Burdo, LLC



ORDER
The foregoing Motion having been duly heard by this Court, it is hereby:
GRANTED / DENIED


By:  _____
         JUDGE / CLERK

3

**CERTIFICATION**

I hereby certify that in accordance with Connecticut Practice Book §§ 10-12, 10-13 & 10-14, a copy of the foregoing was mailed, faxed, emailed, or hand-delivered May 25, 2017, to:

Mariusz Kurzyna
The Law Office of Mariusz Kurzyna
130 West Main Street, P.O. Box 3104
New Britain, Connecticut 06050


/S/ 28897_____
Keith Anthony
Commissioner of the Superior Court