**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-----------------------------x
                             :
LUIS ROMERO                  :    Civ. No. 3:14CV01835(SALM)
                             :
v.                           :
                             :
PRINDLE HILL CONSTRUCTION,   :
LLC, et al.                  :    August 7, 2017
                             :
-----------------------------x
```

### RULING ON PLAINTIFF'S MOTION IN LIMINE AND REQUEST TO APPLY BURDEN SHIFTING [Doc. #55]

Plaintiff Luis Romero ("plaintiff") has filed a motion in limine seeking to "limit any documentary or testamentary evidence that the defendants assert shows the hours worked by or wages paid to the plaintiff and apply the burden-shifting framework" established by the United States Supreme Court, and adopted by the Connecticut Supreme Court. Doc. #55 at 1. Defendants Prindle Hill Construction, LLC and Franklin C. Bradley, III ("defendants") object to plaintiff's motion. [Doc. #59]. For the reasons articulated below, plaintiff's motion in limine [**Doc. #55**] to preclude defendants' evidence at trial is **DENIED,** and the request to apply burden-shifting is **DENIED, as premature, and without prejudice to renewal at the conclusion of trial.**

## I.   BACKGROUND

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §31-58 et seq., and Connecticut's prevailing wage law, Conn. Gen. Stat. §31-53, et seq. See generally Doc. #1, Complaint. Plaintiff alleges that (1) defendants did not pay him appropriate overtime wages, in violation of the FLSA and CMWA; (2) defendants did not pay him the proper minimum wage, in violation of the FLSA and CMWA; (3) defendants failed to pay him all of the wages owed to him, in violation of Conn. Gen. Stat. §31-72; and (4) defendants failed to pay him the prevailing wage for work performed on Connecticut public works projects, in violation of Conn. Gen. Stat. §31-53. See id. at 5-7. Defendants deny plaintiff's allegations. See Doc. #16, Answer.

A bench trial in this matter is scheduled to commence on September 12, 2017. See Doc. #66.

## II.   LEGAL STANDARD

The purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility of anticipated evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." Jean-Laurent

v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citation omitted). "Indeed, courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." Id. (citing Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). "[T]he court's ruling regarding a motion in limine is 'subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected].'" Id. (quoting Luce, 469 U.S. at 41).

## III. **DISCUSSION**

Plaintiff, relying on the cases of Anderson v. Mt. Clemens Pottery, 328 U.S. 680 (1948),[1] and Schoonmaker v. Lawrence Brunoli, Inc., 828 A.2d 64 (Conn. 2003), requests

> that the Court rule in limine that: (1) the defendants' documents or witness testimony not be allowed into evidence for the purpose of showing the hours worked or the wages paid to the plaintiff; (2) the plaintiff is permitted to put on such evidence as he has regarding the hours he worked and the pay he received; and (3) the defendants may only rebut the plaintiff's evidence regarding the hours he worked and the pay he received with specific evidence to the contrary.

Doc. #55 at 1-2. Defendants oppose plaintiff's motion and respond that: (1) plaintiff has not satisfied the requirements

---

[1] Portions of the holding in Anderson have been superseded by statute. See Gorman v. Consol. Edison Corp., 488 F.3d 586, 590 (2d Cir. 2007). However, the holdings of the decision at issue here remain good law. See, e.g., Kuebel v. Black & Decker Inc., 643 F.3d 352, 361-63 (2d Cir. 2011).

under Anderson and Schoonmaker for application of the burden-shifting framework; and (2) plaintiff has not established that defendants' records are inadequate. See Doc. #59 at 1.

**A. Burden-Shifting Framework of Anderson and Schoonmaker**

Under both federal and Connecticut law, employers are required to keep accurate records of their employees' wages and hours. See 29 U.S.C. §211(c); 29 C.F.R. §§516.2(a), 516.5; see also Conn. Gen. Stat. §31-66. "These requirements are not mere technicalities, but substantive obligations that are fundamental underpinnings of FLSA and critical to ensuring the statute's effectiveness, for an employer's failure to keep accurate records can obscure a multitude of minimum wage and overtime violations." Moon v. Kwon, 248 F. Supp. 2d 201, 218 (S.D.N.Y. 2002) (citation and internal quotation marks omitted).

"To establish liability under the FLSA on a claim for unpaid overtime, a plaintiff must prove that he performed work for which he was not properly compensated, and that the employer had actual or constructive knowledge of that work." Kuebel, 643 F.3d at 361 (collecting cases).

When an employer has failed to maintain complete and accurate records, the plaintiff "has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and

reasonable inference." Anderson, 328 U.S. at 687; see also Kalloo v. Unlimited Mech. Co. of NY, 977 F. Supp. 2d 187, 200 (E.D.N.Y. 2013). This burden is not a heavy one, and the plaintiff may meet the burden by offering estimates based on his best recollection. See Daniels v. 1710 Realty LLC, 497 F. App'x 137, 139 (2d Cir. 2012); Kuebel, 643 F.3d at 362 (collecting cases).

Once a plaintiff has met his burden, "[t]he burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Anderson, 328 U.S. at 687–88.

Where an employer fails to keep adequate records, Connecticut courts apply "the burden shifting scheme articulated in Anderson" to state law wage and hour claims. Schoonmaker, 828 A.2d at 83; see also Fuk Lin Pau v. Jian Le Chen, No. 3:14CV841(JBA), 2015 WL 6386508, at *4 (D. Conn. Oct. 21, 2015) ("The law is clear that where, as here, an employer fails to keep proper records as required by the CMWA and FLSA, an employee has carried out his burden of proving that he worked uncompensated overtime if he proves that he has in fact

performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." (citation and internal quotation marks omitted)); Roberts v. Bennaceur, No. 3:12CV01222(JAM), 2015 WL 1471889, at *23 (D. Conn. Mar. 31, 2015) (discussing Anderson burden-shifting framework in connection with an alleged violation of the Connecticut Wage Statute), aff'd, 658 F. App'x 611 (2d Cir. 2016).

### B. **Analysis**

As a threshold matter, there is a factual dispute as to whether defendants failed to retain "adequate" records of plaintiff's employment. Plaintiff alleges in the Complaint that defendants "did not maintain a complete and accurate record of the hours worked, wages earned, and wages paid to the plaintiff." Doc. #1, Complaint at ¶23. Defendants deny this allegation, and argue in opposition to the motion in limine that they in fact did maintain adequate records, and that they "have provided documentation concerning the Plaintiff's year end salary for approximately the last five years[,]" and have "provided information to the Plaintiff that they logged each Friday when workers were paid." See Doc. #59 at 1-2. The Court is not in a position to make a finding as to whether the records maintained by defendants were adequate. Therefore, plaintiff's

request to apply Anderson's burden-shifting framework is premature. See Anderson, 328 U.S. at 687.

Plaintiff's request is also premature because plaintiff has not yet met his initial burden that would trigger the Anderson burden-shifting framework. Anderson provides that before the burden is shifted to defendants, plaintiff must "prove[] that he has in fact performed work for which he was improperly compensated." Kalloo, 977 F. Supp. 2d at 200. Plaintiff does not proffer any evidence which would permit the Court, at this time, to make such a finding, and thus to invoke the Anderson burden-shifting framework. See generally Doc. #55-1.

Plaintiff's request to preclude defendants from offering evidence of the hours worked by or wages paid to plaintiff also runs afoul of Anderson by effectively undoing the very burden-shifting framework plaintiff seeks to apply. Plaintiff cites to no authority in support of the notion that he should be permitted to testify about the hours he worked, but the defendants should be barred from offering any evidence of their own on that issue. Cf. Berry v. Office of the Fayette Cty. Sherriff, No. 5:14CV356(DCR), 2016 WL 552475, at *1 (E.D. Ky. Feb. 10, 2016). Plaintiff's approach turns Anderson on its head, by prohibiting the defendants from coming forward with evidence **even when the burden shifts back to them and requires such production**. Indeed, were defendants to fail to produce such

evidence, the Court would be empowered to award damages to plaintiff based solely on his estimates. See Anderson, 328 U.S. at 687-88. Plaintiff's argument is more properly viewed as going to the weight of defendants' evidence than to its admissibility. Accordingly, plaintiff's motion in limine to preclude defendants' evidence of hours worked by and wages paid to plaintiff is **DENIED**. See Berry, 2016 WL 552475, at *1-2 (denying motion in limine seeking similar relief).

Finally, the Court notes that the parties are trying this matter to the Court, not to a jury. Accordingly, where there is no risk of confusion to the jury, the Court will determine whether to apply the Anderson burden-shifting framework after the presentation of all evidence.

For the reasons stated above, the Court **DENIES** plaintiff's motion in limine to preclude the introduction of defendants' evidence regarding plaintiff's hours worked and wages paid, and **DENIES, without prejudice to renewal at trial**, plaintiff's request to apply the Anderson burden-shifting framework discussed above. [**Doc. #55**].

## IV. <u>CONCLUSION</u>

For the reasons articulated above, plaintiff's motion in limine [**Doc. #55**] to preclude defendants' evidence at trial is **DENIED,** and the request to apply burden-shifting is **DENIED, as**

**premature, and without prejudice to renewal at the conclusion of trial.**

SO ORDERED at New Haven, Connecticut this 7th day of August 2017.

/s/
_____
HON. SARAH A. L. MERRIAM
UNITED STATES MAGISTRATE JUDGE
