```
                              UNITED STATES DISTRICT COURT
                                DISTRICT OF CONNECTICUT

------------------------------x
                              :
LUIS ROMERO                   :    Civ. No. 3:14CV01835(SALM)
                              :
v.                            :
                              :
PRINDLE HILL CONSTRUCTION,    :
LLC, et al.                   :    August 7, 2017
                              :
------------------------------x
```

### RULING ON MOTION IN LIMINE [Doc. #54]

Plaintiff Luis Romero ("plaintiff") has filed a motion in limine seeking to preclude evidence of plaintiff's immigration status from being introduced at trial. [Doc. #54]. Defendants Prindle Hill Construction, LLC and Franklin C. Bradley, III ("defendants") object to plaintiff's motion. [Doc. #60]. For the reasons articulated below, plaintiff's motion to preclude evidence as to immigration status **[Doc. #54]** is **GRANTED**.

### I.   BACKGROUND

Plaintiff brings this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, et seq., the Connecticut Minimum Wage Act ("CMWA"), Conn. Gen. Stat. §31-58 et seq., and Connecticut's prevailing wage law, Conn. Gen. Stat. §31-53, et seq. See generally Doc. #1, Complaint. Plaintiff alleges that (1) defendants did not pay him appropriate overtime wages, in violation of the FLSA and CMWA; (2) defendants did not pay him the proper minimum wage, in violation of the FLSA and CMWA; (3)

defendants failed to pay him all of the wages owed to him, in violation of Conn. Gen. Stat. §31-72; and (4) defendants failed to pay him the prevailing wage for work performed on Connecticut public works projects, in violation of Conn. Gen. Stat. §31-53. See id. at 5-7. Defendants deny plaintiff's allegations. See Doc. #16, Answer.

A bench trial in this matter is scheduled to commence on September 12, 2017. See Doc. #66.

## II.  LEGAL STANDARD

The purpose of a motion in limine is to allow the court to rule in advance of trial on the admissibility of anticipated evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). "Evidence should be excluded on a motion in limine only when the evidence is clearly inadmissible on all potential grounds." Jean-Laurent v. Hennessy, 840 F. Supp. 2d 529, 536 (E.D.N.Y. 2011) (citation omitted). "Indeed, courts considering a motion in limine may reserve judgment until trial, so that the motion is placed in the appropriate factual context." Id. (citing Nat'l. Union Fire Ins. Co. v. L.E. Myers Co. Grp., 937 F. Supp. 276, 287 (S.D.N.Y. 1996)). "[T]he court's ruling regarding a motion in limine is 'subject to change when the case unfolds, particularly if the actual testimony differs from what was [expected].'" Id. (quoting Luce, 469 U.S. at 41).

The Federal Rules of Evidence govern the admissibility of evidence at trial. Rule 402 permits only relevant evidence to be admitted at trial. "Relevant" evidence is defined by Rule 401 as evidence having "any tendency to make a fact more or less probable than it would be without the evidence[] and the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). "[T]he court's determination of what constitutes 'relevant evidence' is guided by the nature of the claims and defenses in the cause of action." Jean-Laurent, 840 F. Supp. 2d at 536.

**III. DISCUSSION**

Plaintiff seeks to preclude the introduction of any evidence at trial relating to his immigration status. See Doc. #54. Plaintiff contends that any evidence of his immigration status is both "irrelevant and impermissible" because admitting such evidence could discourage individuals from "pursuing their rights." Doc. #54-1 at 1.

Defendants object to plaintiff's motion, asserting that evidence of plaintiff's immigration status is relevant to the following claims and defenses: (1) that plaintiff did not work any prevailing wage jobs or work at all for Prindle Hill Construction, LLC ("Prindle Hill"); (2) that defendant Franklin C. Bradley ("Bradley") believed that plaintiff was an independent contractor; and (3) defendants' lack of record keeping, potential failure to pay correct overtime or minimum

wage rates, and defendants' reasonable belief that they were not violating the FLSA. See Doc. #60 at 1-2. Defendants argue that they knew of plaintiff's immigration status from the time of his hiring, and therefore raising that issue at trial will not deter plaintiff from pursuing this action. Defendants also contend that the case law cited by plaintiff is distinguishable.[1] See id. at 2.

The Court finds that evidence of plaintiff's immigration status is both irrelevant and unduly prejudicial, and as a result should be excluded from trial.

### A.   Relevance – Rule 402

Evidence is relevant if "(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a)-(b). Simply put, plaintiff's immigration status is not relevant because it does not have any tendency to make any material fact more or less probable. Cf. Corona v. Adriatic Italian Rest. & Pizzeria, No. 08CV5399(KNF), 2010 WL 675702, at *1 (S.D.N.Y. Feb. 23, 2010); see also Francois v. Mazer, No. 09CV3275(KBF), 2012 WL 1506054, at *1 (S.D.N.Y. Apr. 24, 2012) ("There are a number of cases that have found that evidence of immigration status has no bearing on

---

[1] Notably, defendants do not cite any case law in support of their objection. See Doc. #60.

matters of consequence to be determined under the FLSA, and to be both undiscoverable and inappropriate topics for trial.").

The Court begins its analysis with an essential premise: **Wage and hour laws protect undocumented workers, just as they protect United States citizens**. Undocumented workers are not excluded from the scope of protection of the FLSA and similar laws. See, e.g., Campos v. Zopounidis, No. 3:09CV1138(VLB), 2011 WL 4852491, at *2 (D. Conn. Oct. 13, 2011) ("A plethora of federal court decisions across the country have clearly articulated that the provisions of the FLSA apply to protect undocumented workers and citizens alike."). "Indeed, the FLSA's coverage of undocumented" workers "offsets what is perhaps the most attractive feature of such workers -- their willingness to work for less than the minimum wage. If the FLSA did not cover undocumented aliens, employers would have an incentive to hire them." Patel v. Quality Inn S., 846 F.2d 700, 704 (11th Cir. 1988).

The Court turns now to the defendants' claims of relevance.

First, defendants argue that plaintiff's immigration status is relevant to defendant Prindle Hill's claim that plaintiff never worked for that company because he was unable to demonstrate his immigration status. See Doc. #60 at 1, 2-3. No support for this assertion of relevance is offered by defendants. Defendants do not, for example, claim that Prindle

Hill had a company policy against hiring non-citizens. Defendants make the conclusory assertion that plaintiff "could not have worked on any job, particularly jobs with prevailing wages" because of his immigration status. Id. at 1. However, defendants do not explain why this is true, and indeed, fail to acknowledge that under the Connecticut prevailing wage act, the prevailing wage applies to "any person performing the work" required, with no exclusion noted based on immigration status. Conn. Gen. Stat. §31-53(a); see also Matysiak v. Shamas, No. 3:10CV01841(GWC), 2015 WL 4939793, at *4 (D. Conn. Aug. 17, 2015) ("The legal rate of pay for a worker does not depend upon his or her immigration status."). Defendants also do not indicate why it would have been permissible for plaintiff to work for defendant Bradley, which they appear to concede he did, but not for defendant Prindle Hill, in light of his immigration status. Thus, the Court finds defendants have not established the relevance of plaintiff's immigration status to this issue.

Second, defendants argue that plaintiff's immigration status is relevant to the claim that defendant Bradley believed that plaintiff was an independent contractor. See Doc. #60 at 1, 2-3. Again, no support is offered for this assertion. Plaintiff's immigration status does not affect the finding as to whether plaintiff was an independent contractor. See, e.g., Trejos v. Edita's Bar & Rest., Inc., No. CV081477(ARR), 2009 WL 749891, at

*1 (E.D.N.Y. Mar. 17, 2009) ("[W]hether or not plaintiffs had green cards or working papers is simply not relevant" to determination of whether plaintiffs are employees or contractors under the FLSA.). Plaintiff's immigration status, were it admitted in evidence, would not somehow dictate a finding that he is an independent contractor, as defendants suggest. Thus, the Court finds defendants have not established the relevance of plaintiff's immigration status to this issue.

    Third, defendants argue that plaintiff's immigration status is relevant to defendants' methods or lack of record keeping, the willfulness of any failure to pay the correct overtime or minimum wage rates, and defendants' reasonable belief that they were not violating the FLSA. See Doc. #60 at 1, 2-3. The argument is not fleshed out in defendants' brief memorandum, but it appears that defendants will assert that they had a good faith reason to believe that they were not required to comply with the FLSA because of plaintiff's immigration status. To establish a good faith defense to the award of liquidated damages under FLSA, an employer must meet a "difficult" burden, and liquidated damages are the norm. See Herman v. RSR Sec. Servs. Ltd., 172 F.3d 132, 142 (2d Cir, 1999). The employer "must show that it took active steps to ascertain the dictates of the FLSA and then act to comply with them." Barfield v. New York City Health & Hosps. Corp., 537 F.3d 132, 150 (2d Cir.

2008) (internal citation and quotation marks omitted). Here, had defendants endeavored to ascertain the dictates of the FLSA, they would have learned that it in fact does apply to undocumented workers. Defendants have not articulated any reason why evidence of plaintiff's immigration status will be relevant to whether or not defendant actively pursued compliance with the FLSA. Thus, the Court finds defendants have not established the relevance of plaintiff's immigration status to this issue.

### B. Prejudice – Rule 403

Plaintiff argues that even if the contested evidence were relevant, it should be excluded under Rule 403 of the Federal Rules of Evidence. Rule 403 provides that even relevant evidence can be excluded if the danger of unfair prejudice outweighs its probative value. See Fed. R. Evid. 403. Plaintiff argues that permitting employers to bring plaintiff's immigration status into evidence at trial would have a chilling effect on employees. See Doc. #54-1 at 1. Defendants contend that allowing the introduction of evidence regarding plaintiff's immigration status will not chill the pursuit of legal action because in this case, the action has already been brought. See Doc. #60 at 2.

Rule 403 of the Federal Rules of Evidence allows the court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of ... unfair prejudice[.]"

The Court agrees with plaintiff that evidence of plaintiffs' immigration status would be unduly prejudicial. Although this case will be tried to the Court, rather than to a jury, and thus the risk of prejudice to this plaintiff is minimal,[2] permitting inquiry into the immigration status of an FLSA plaintiff could have a "chilling effect" on the pursuit of such actions by others. See, e.g., Avila-Blum v. Casa de Cambio Delgado, Inc., 236 F.R.D. 190, 191 (S.D.N.Y. 2006); Rodriguez v. Pie of Port Jefferson Corp., 48 F. Supp. 3d 424, 426 (E.D.N.Y. 2014) ("Such a chilling effect would effectively eliminate the FLSA as a means for protecting undocumented workers from exploitation and retaliation." (internal citation and quotation marks omitted)). If undocumented workers are discouraged from filing FLSA actions, employers who commit FLSA violations against undocumented workers would be shielded from litigation. See Solis v. Cindy's Total Care, Inc., No. 10CV7242(PAE), 2011 WL 6013844, at *3 (S.D.N.Y. Dec. 2, 2011) ("Such an employer would effectively be immunized from its duty under the statute to pay earned wages, and would thereby be able to undercut law-abiding employers who hired lawful workers, as those workers would not

---

[2] "[T]he concerns of probative value and prejudicial effect ... [are] mitigated because the proceeding in this case is in the nature of a bench trial, in which the Court will be able to distinguish between relevant and prejudicial testimony." S.E.C. v. Drescher, No. 99CV1418(VM), 2001 WL 1602978, at *2 (S.D.N.Y. Dec. 13, 2001).

be disabled from vindicating their FLSA rights. The FLSA was clearly designed to prevent such unfair competition and the unjust enrichment of employers who hire illegal workers so as to pay substandard wages."). The Court finds that precluding evidence of plaintiff's immigration status furthers the purpose and intent of the FLSA.

Defendants also argue that plaintiff's immigration status is already known to them, so cases regarding discovery into that status are distinguishable.[3] See Doc. #60 at 2. Defendants' argument is without merit, and confuses the issue. This evidence should be precluded because its introduction at trial will be unduly prejudicial. See Corona, 2010 WL 675702, at *1 ("[T]he Court concludes it is reasonable and appropriate to bar the defendants, at the trial, from inquiring into the immigration status of the plaintiffs."); Avila-Blum, 236 F.R.D. at 191. Whether defendants became aware of plaintiff's immigration status before or after litigation commenced, the prejudicial nature of the evidence when introduced at trial does not change. See, e.g., Campos, 2011 WL 4852491, at *2 ("Defendants argue that here, where Plaintiff affirmatively disclosed his

---

[3] Although cases involving discovery requests may be procedurally different, courts have ruled in limine to preclude evidence of immigration status at trial. See, e.g, Francois, 2012 WL 1506054, at *1; Corona, 2010 WL 675702, at *1; Solis, 2011 WL 6013844, at *4.

immigration status, there is no danger that he will suffer unfair prejudice by the Defendant's presentation of such evidence. The Court is wholly unpersuaded by these arguments."). Indeed, defendants' prior knowledge of plaintiff's status may weigh <u>against</u> admissibility of this evidence. See <u>Angamarca v. Da Ciro, Inc.</u>, 303 F.R.D. 445, 447 (S.D.N.Y. 2012) ("[Defendants] should not be allowed to assert [plaintiff]'s immigration status as a defense to a FLSA claim, <u>particularly</u> when the status was known at the time of employment." (emphasis added)).

The Court thus finds that, even if the evidence proffered were relevant, it would be unduly prejudicial and thus should be excluded under Rule 403.

**IV. <u>CONCLUSION</u>**

For the reasons articulated above, plaintiff's motion to preclude evidence of plaintiff's immigration status **[Doc. #54]** is **GRANTED**.

SO ORDERED at New Haven, Connecticut this 7th day of August 2017.

                                                           /s/
                                    HON. SARAH A. L. MERRIAM
                                    UNITED STATES MAGISTRATE JUDGE